B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| The Kaspers Firm, LLC, Edward Scott, and Debbie Richards | Paul Darshan Sharma |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| The Kaspers Firm, LLC 152 New St, Ste 109B Macon, GA 31201 (404) 944-3128 | FILED at 11 O'clock & 00 min A M Date 4/17/19 United States Bankruptcy Court Brunswick, Georgia |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendant is not entitled to discharge pursuant to 11 U.S.C. §523 and 11 U.S.C. §727.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 35,000 |

**Other Relief Sought**
Attorneys' Fees and Costs

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*Paul Darshan Sharma* | BANKRUPTCY CASE NO.<br>*18-50834-MJK* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*Southern District of Georgia* | DIVISION OFFICE<br>*Waycross* | NAME OF JUDGE<br>*Kim* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>*4/15/19* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Tyler B. Kaspers* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



FILED

at 11 O'clock & 00 min A M

Date 4/17/19 ____

United States Bankruptcy Court
Brunswick, Georgia

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE: PAUL DARSHAN SHARMA,　　　)
　　　Debtor,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Case No. 18-50834-MJK
THE KASPERS FIRM, LLC, SCOTT　　)
EDWARDS and DEBBIE RICHARDS,　)　　Chapter 7
　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Adversary Proceeding
vs.　　　　　　　　　　　　　　　)　　　　No.:
　　　　　　　　　　　　　　　　　)
PAUL DARSHAN SHARMA,　　　　　)
　　　Defendant.　　　　　　　　　)

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTS AND DISCHARGE OF DEBTOR

Plaintiffs, by and through their undersigned counsel, hereby object to the discharge of debts owed to them by Paul Darshan Sharma ("Defendant" or "Debtor"), pursuant to 11 U.S.C. § 523, and also objects to the discharge, in general, of Debtor pursuant to 11 U.S.C. § 727, as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 523(a) and 727, and Bankruptcy Rule 7001. This adversary proceeding is one arising out of the Debtor filing a voluntary petition under chapter 7 of the Bankruptcy Code, which is Case Number 18-50834-MJK pending in this Court. This is a core proceeding.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

FACTUAL BACKGROUND

3. On January 31, 2018, Plaintiffs filed a collective action complaint against Defendant alleging that they and their former co-workers had been subjected by Defendant to willful violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Southern District of Georgia, Waycross Division, Case No. 5:18-cv-6. Defendants in the FLSA case would find homeless or indigent individuals and have them work at their hotel in exchange for $25-$35 every two weeks, or less than 45 cents per hour. The FLSA Defendants also required their tenants/employees to work overtime without any compensation. If a tenant/employee refused to work overtime without compensation, they were immediately evicted.

4. During the discovery phase of the Plaintiffs' FLSA case, Defendant provided two "Financial Statements" signed by Defendant, one on April 1, 2018 ("Exhibit 1," hereto) and another on August 29, 2018 ("Exhibit 2," hereto).

5. On October 10, 2018, a mediation was held with Magistrate Judge Benjamin Cheesbro. A Settlement Agreement was reached during which Defendant agreed to pay Plaintiffs no less than $3,480 no later than December 21, 2018. *See* "Exhibit 3," hereto at 2.

6. On December 21, 2018, Defendant breached the Settlement Agreement by failing to pay the first installment to Plaintiffs.

7. On December 22, 2018, Defendant, through counsel, informed Plaintiffs that Defendant was unable to pay any amount to Plaintiffs, and intended to declare for bankruptcy protection under Chapter 7.

8. On December 28, 2018, Defendant filed his petition for bankruptcy protection with this Court.

9. A Meeting of Creditors was held on February 15, 2019 at 9:00 a.m. at the U.S. Courtroom, 3rd Floor, Federal Building, 601 Tebeau Street, Waycross, GA.

10. During that meeting, the Trustee elicited testimony from Defendant wherein Defendant swore, under oath, that:

   a. The $40,088.00 in debt owed to American Express, the $12,834.00 in debt owed to Discover Financial Services, as well as other credit card debt, was incurred by paying a mortgage and expenses for a hotel, "Comfortel Suites," located at 1007 N Peterson Ave, Douglas, GA.

   b. Although Defendant was paying the mortgage and other bills for Comfortel Suites, Comfortel Suites did not reimbursing Defendant for any of those mortgage or utility payments.

3

    c.  Instead, all of the profits/money made by Comfortel Suites was paid directly to a bank account at SunTrust owned by Sharma Hospitality, LLC.

    d.  Sharma Hospitality, LLC is owned by Defendant's father, Shaun B. Sharma.

    e.  Defendant has never been a member of Sharma Hospitality, LLC.

11. Also during the February 15, 2019 meeting of creditors, Defendant admitted that:

    a.  Defendant and his wife own a 2011 Acura vehicle which has been paid in full.  Defendant did not list this asset on his Form 106A/B.

    b.  Defendant owns a boat.  Defendant did not list this asset on his Form 106A/B.  In fact, Defendant swore, under oath, on Form 106A/B that he did not own a watercraft

12. The Annual Registration filed by Sharma Hospitality, LLC with the Georgia Secretary of State on January 11, 2017, identifies "Paul D Sharma" as a "Member."

13. On March 13, 2019, in response to Defendant's December 21, 2018 breach of the Settlement Agreement, Plaintiffs have filed another FLSA Complaint in the United States District Court for the Southern District of Georgia, Case No. 5:19-cv-22.

4

Legal Standard

11 U.S.C. § 727 (a), governs the grant of a discharge in a chapter 7 case. This statute provides, in relevant part: (a) The Court shall grant the debtor a discharge, unless (2) the debtor destroyed or transferred property within one year before the date of the filing of the petition; (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; (4) the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account; (B) presented or used a false claim; (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs; or (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

5

In *In re Chalik*, the Eleventh Circuit stated that "[t]he subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the [bankruptcy] . . . estate[.]" In re Chalik, 748 F.2d at 618. All items in question in this case bear a relationship to the estate because each omitted item was properly property of the estate. Defendant's estimate that the items were of no value has no bearing on his creditors' rights "to judge for themselves what will benefit, and what will prejudice, them." Id.  The omission of an exemptible item of property is material to the case because debtors are not automatically entitled to any particular exemption. Defendant had the right to claim exemptions pursuant to Section 522, but he had to follow the procedure specified in Federal Rule of Bankruptcy Procedure 4003(a). This rule, requiring debtors to list their claimed exemptions on their schedules of assets, compliments the rights of creditors to review claimed exemptions and, if appropriate, object to them pursuant to Rule 4003(b). In asking the Court to condone his omissions, Defendant effectively asks the Court to negate his creditors' rights to object to his claimed exemptions.

<u>Argument</u>

Defendant made a number of material misstatements and knowing omissions, under oath, to this Court and his creditors.  More alarming is the scheme used by Defendant to take advantage of the bankruptcy protections

6

afforded by Chapter 7 applicants wherein Defendant incurred tens of thousands of dollars in debt by paying the financial obligations of his father's company (Sharma Hospitality, LLC) but, instead of reimbursing Defendant for those debts, Sharma Hospitality, LLC took all of the proceeds from that company and left Defendant to declare bankruptcy in an attempt to discharge those debts.

Defendant should have never filed for bankruptcy. A reimbursement by Sharma Hospitality of the amounts spent by Defendant on its behalf would have (1) paid off all of the credit card debt incurred by Defendant on behalf of Sharma Hospitality, LLC and (2) allowed Defendant to meet his financial obligations to Plaintiffs[1].

Furthermore, Defendant made a number of omissions and misstatements in the "Property Schedule" Defendants submitted to this Court after confirming, under oath, that the contents of that schedule were accurate and complete. For example, Defendant's August 29, 2018, Financial Statement identifies a "Boat" which was not identified in Defendants' "Property Schedule." Defendant's "Property Schedule" identifies a "Sea Doo Jet Ski" and "Chevrolet El Camino" with a combined value of $1,500. Defendant's August 29, 2018 Financial Statement lists the value of the "El Camino- Model 78, Jet Ski, [and] Boat" at

---

[1] Defendant and the Plaintiffs agreed to a structured settlement payment plan, which would be accelerated in the event Defendant failed to make a payment. Defendant failed to make the first payment, making the entire $35,000.00 due immediately.

$4,500. *See* Exhibit 2," hereto.  Accordingly, pursuant to Defendant's valuation, the boat which Defendant failed to disclose to this Court has a value of $3,000.

On April 1, 2018, Defendant stated that he had $15,000 in personal property. That number was decreased to $4,500 by August 29, 2018, but Defendant has nowhere explained to this Court or his creditors what happened to the $10,500 in personal property which Defendant disposed of between April 1 and August 29, 2018.  *Compare* "Exhibit 1," *with* "Exhibit 2," and Defendant's "Property Schedule."

Defendant's April 1 Financial Statement states that he had, as of that date, incurred $21,100 in credit card debt.  Defendants' August 29, 2018 Financial Statement states that he had, as of that date, incurred $29,100 in credit card debt. Accordingly, in the nearly five months between financial statement, Defendant had incurred $8,000 in credit card debt.  However, Defendant's December 28, 2019 bankruptcy petition identifies no less than $56,545 in credit card debt. Accordingly, in the four intervening months between August 29, 2018 and Defendant's bankruptcy petition, Defendant allegedly incurred $27,445, where he had only incurred $8,000 in credit card debt during the preceding five months. This substantial, and rapid, increase in debt raises questions regarding the accuracy of, and motive behind, Defendant's bankruptcy petition.

8

Defendant's misstatements to this Court should not be tolerated. It is undeniable that Defendant committed perjury in attempting to have this Court discharge debts that were seemingly incurred on behalf of a company to which he claims to have no ownership interest, and which is owned by Defendant's father. The bankruptcy code is intended to provide assistance to individuals in legitimate need of help, not to financially enrich family members of petitioners.

COUNT I

<u>Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(2) for improperly transferring property to his father</u>

Defendant incurred tens of thousands of dollars in credit card debt in 2018 by paying bills owed by Sharma Hospitality, LLC, his father's company.

All of the proceeds from the hotel owned by Sharma Hospitality, LLC were kept by Sharma Hospitality, LLC or Defendant's father instead of being used to reimburse Defendant for the debts he incurred on their behalf.

Defendant incurred tens of thousands of dollars in debt while allowing his father to directly benefit from that debt.

The tens of thousands of dollars of debt incurred by Defendant on behalf of his father's company in 2018 is more than sufficient to pay the $35,000.00 owed to Plaintiffs.

COUNT II

9

**Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(3) for failing to maintain financial documents relating to his employment with Sharma Hospitality, LLC**

No financial information relating to the tens of thousands of dollars in mortgage and utility payments made by Defendant on behalf of Sharma Hospitality, LLC in 2018was provided by Defendant.

No financial information relating to any amount paid by the Comfortel Suites hotel to Sharma Hospitality, LLC was produced. No financial information relating to any amount paid by Sharma Hospitality, LLC to Defendant's father, Shaun Sharma, was produced. Without this information, it is impossible for Plaintiffs or this Court to "follow the money" from the hotel's customers to Defendant's father, as opposed to using proceeds from the hotel's customers to reimburse Defendant for the tens of thousands of dollars of debt incurred by Defendant on behalf of Sharma Hospitality, LLC and Shaun Sharma.

COUNT III

**Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(4) for knowingly concealing property from his creditors**

Defendant signed his voluntary petition, schedule and statement of financial affairs under penalty of perjury on December 28, 2018.

On February 16, 2019, the trustee commenced the meeting of creditors pursuant to 11 U.S.C. § 341. At the meeting the Defendant appeared and

10

reaffirmed, under oath, the accuracy and completeness of his voluntary petition, schedules and statement of financial affairs.

Official Bankruptcy Form "Schedule B - Personal Property" required Defendant to disclose all of his personal property assets. Plaintiffs allege that the Defendant did not disclose all of his personal property assets and knowingly and fraudulently, in connection with this case, made false oaths or accounts regarding the disposition, ownership, and transfer of assets in order to prevent such assets from being reachable by creditors.

Defendant owns a boat which was not disclosed on the "Schedule B-Personal Property" that Defendant submitted to this Court. Defendant's failure to disclose an interest his boat was a knowing and fraudulent making of a false oath or account in connection with his bankruptcy case.

A vehicle owned jointly by Defendant and his wife, a 2011 Acura, was not listed on Defendant's "Schedule B." The Debtor had an interest in the 2011 Acura that should have been disclosed on Schedule B. Defendant's failure to disclose an interest in the 2011 Acura was a knowing and fraudulent making of a false oath or account in connection with his bankruptcy case.

COUNT IV

Non-discharge Under 11 U.S.C. § 727(a)(3) for failing to maintain financial documents relating to his employment with Sharma Hospitality, LLC

11

No financial information relating to the tens of thousands of dollars in mortgage and utility payments made by Defendant on behalf of Sharma Hospitality, LLC in 2018was provided by Defendant.

No financial information relating to any amount paid by the Comfortel Suites hotel to Sharma Hospitality, LLC was produced. No financial information relating to any amount paid by Sharma Hospitality, LLC to Defendant's father, Shaun Sharma, was produced. Without this information, it is impossible for Plaintiffs or this Court to "follow the money" from the hotel's customers to Defendant's father, as opposed to using proceeds from the hotel's customers to reimburse Defendant for the tens of thousands of dollars of debt incurred by Defendant on behalf of Sharma Hospitality, LLC and Shaun Sharma.

Detailed financial information relating to the financial interplay between Defendant, Sharma Hospitality, LLC and Shaun Sharma was repeatedly requested by Plaintiffs in their underlying FLSA lawsuit, but that information was never provided. Accordingly, it is apparent that Defendant has failed to properly maintain financial records necessary to determine the adequacy and validity of his bankruptcy petition in violation of 11 U.S.C. § 727(a)(3).

WHEREFORE, Plaintiffs pray for relief as follows:

1. With respect to Count I, enter judgment and an order denying Defendant a discharge with respect to the Settlement Agreement entered into between

Plaintiffs and Defendant, and impose attorneys' fees and costs to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2);

2. With respect to Count II, enter judgment and an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(3);

3. With respect to Count II, enter judgment and an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(5);

4. For an award of costs and attorneys' fees incurred in prosecuting this action; and

5. For such other and further relief as this court deems just and proper.

Dated this 15th day of April, 2019

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiffs

13

# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In the matter of:
PAUL DARSHAN SHARMA

                    Debtor(s)

THE KASPERS FIRM, LLC, SCOTT EDWARDS and DEBBIE
RICHARDS

                    Movant

PAUL DARSHAN SHARMA

                    Respondent

Chapter:  7

Case No.: 18-50834-MJK

## NOTICE OF OBJECTION TO CLAIM

Movant has objected to your claim filed in this bankruptcy case.

<u>Your claim may be reduced, modified or eliminated.</u>  You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

If you have legal grounds to oppose the objection, or if you wish the court to consider your views on the objection, you must file a written request for a hearing with Clerk of the Bankruptcy Court before the expiration of thirty (30) days from the date stated in the certificate of service.

If you mail your request for hearing to the court, you must mail it early enough so that it will be received within the time referenced above.

Any request for a hearing must also be mailed to the moving party and all other persons indicated in the certificate of service attached to these pleadings.

If a timely request for hearing is filed, you will receive a notice of the date, time and place of hearing.

If you or your attorney do not take these steps, the court will decide that you do not oppose the objection to your claim.

Claimant has been served with a copy of the objection and a copy of this notice, and if claimant is a U. S. government agency, the U.S. Attorney, P.O. Box 8970, Savannah, GA 31412 (or P.O. Box 2017, Augusta, GA 30903), and the Attorney General in Washington, D. C. 20530 have also been served.

Date  4/15/19

                                       Attorney

Lucinda Rauback, Clerk
United States Bankruptcy Court
Southern District of Georgia

[Rev. 12/2012]

## Personal Financial Statement of:
Paul Sharma
as of:
4/1/2018

| Assets | Amount In Dollars | |
|---|---|---|
| Cash - checking accounts | $ | 549 |
| Cash - savings accounts | | 886 |
| Certificates of deposit | | |
| Securities - stocks / bonds / mutual funds | | . |
| Notes & contracts receivable | | . |
| Life insurance (cash surrender value) | | . |
| Personal property (autos, jewelry, etc.) | | 15,000 |
| Retirement Funds (eg. IRAs, 401k) | | . |
| Real estate (market value) | | . |
| Other assets (specify) | | . |
| Other assets (specify) | | . |
| **Total Assets** | $ | 16,435 |

| Liabilities | Amount In Dollars | |
|---|---|---|
| Current Debt (Credit cards, Accounts) | $ | 21,100 |
| Notes payable (describe below) | | . |
| Taxes payable | | |
| Real estate mortgages | | . |
| Other liabilities (Hotel Lease monthly) | | 6,005 |
| Other liabilities (specify) | | |
| **Total Liabilities** | $ | 27,105 |
| **Net Worth** | $ | (10,670) |

Signature:                        4/25/2018

Date:

**EXHIBIT 1**

**Personal Finance Statement of:**
Paul Sharma

**Details**

**1. ASSETS - Details**

*Notes and Contracts held*

| From Whom Owing | Balance Owing | Original Amount | Original Date | Monthly Payment | Maturity Date | History / Purpose |
|---|---|---|---|---|---|---|
| | $ ⋅ | $ ⋅ | | $ ⋅ | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Securities: stocks / bonds / mutual funds*

| Name of Security | Number of Shares | Cost | Market Value | Date of Acquisition |
|---|---|---|---|---|
| | | $ ⋅ | $ ⋅ | |
| | | | | |
| | | | | |
| | | | | |

*Stock in Privately Held Companies*

| Company Name | No. of shares | $ Invested | Est. Market Value |
|---|---|---|---|
| | | $ ⋅ | $ ⋅ |
| | | | |
| | | | |

*Real Estate*

| Description / Location | Market Value | Amount Owing | Original Cost | Purchase Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**2. LIABILITIES - Details**

*Credit Card & Charge Card Debt*

| Name of Card / Creditor | Amount Due |
|---|---|
| American Express | $ 15,000 |
| Capital One | $ 2,200 |
| Discover | $ 2,700.00 |
| Wells Fargo | $ 1,200.00 |
| | |
| | |
| | |
| | |
| Total | 21,100 |

*Notes Payable (excluding monthly bills)*

| Name of Creditor | Amount Owing | Original Amount | Monthly Payment | Interest Rate | Secured by (Leine) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*Mortgage / Real Estate Loans Payable*

| Name of Creditor | Amount Owing | Original Amount | Monthly Payment | Interest Rate | Secured by (Leine) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| Total | $          . | $          . | $          . | | . |

**Personal Financial Statement of:**
Paul Sharma
**as of:**
8/29/2018

| Assets | Amount in Dollars |
|---|---|
| Cash - checking accounts | $ - |
| Cash - savings accounts | - |
| Certificates of deposit | - |
| Securities - stocks / bonds / mutual funds | - |
| Notes & contracts receivable | - |
| Life insurance (cash surrender value) | - |
| Personal property (El Camino - Model 78, Jet Ski, Boat) | 4,500 |
| Retirement Funds (eg. IRAs, 401k) | - |
| Real estate (market value) | - |
| Other assets (specify) | - |
| Other assets (specify) | - |
| **Total Assets** | **$    4,500** |

| Liabilities | Amount in Dollars |
|---|---|
| Current Debt (Credit cards, Accounts) | $    29,100 |
| Notes payable (describe below) | - |
| Taxes payable | |
| Real estate mortgages | - |
| Other liabilities (Hotel Lease monthly) | 6,005 |
| Other liabilities (specify) | - |
| **Total Liabilities** | **$    35,105** |

| **Net Worth** | **$    (30,605)** |
|---|---|

Signature:                     Date: 8/29/2018

EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between EDWARD SCOTT ("Scott") and DEBBIE RICHARDS ("Richards")(collectively "Plaintiffs") and PAUL D. SHARMA, ("PDS" ) and co-defendants SHAUN B. SHARMA ("SBS") and NORTH AMERICAN INNS, LLC ("NAI")  (PDS, SBS and NAI are collectively referred to as the "Defendant")

## RECITALS

This Agreement is made with reference to the following facts:

A.   **WHEREAS,** Edward Scott and Debbie Richards are Plaintiffs in a lawsuit filed against Defendant that is currently pending in the United States District Court for the Southern District of Georgia and styled as *Edward Scott and Debbie Richards v. Paul Sharma,* Civil Action No. 5:18-cv-00006 (LGW-BWC), (the "Lawsuit"); and,

B.   **WHEREAS,** Defendant denies the validity of Plaintiffs' claims and denies that it is subject to any liability; and,

C.   **WHEREAS,** the Parties wish to settle their differences without further litigation; and,

D.   **WHEREAS,** Defendant is willing to provide Plaintiffs with certain considerations described below, which it is not required to, provided Plaintiffs dismiss their Lawsuit without prejudice, release Defendant from any claims Plaintiffs have made or might make relating to the claims set forth in Plaintiffs' Complaint, and agree to comply with the other promises and conditions set forth in this Agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficient of which are hereby; acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals:**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.   **Definitions:**  Throughout this Agreement, the terms:

    A.  Defendant shall include the following:

EXHIBIT 3

(i)       Paul D. Sharma, Shaun B. Sharma, NAI as well as their estate, successors and assigns, and affiliated corporations.

3.    **Settlement Sum:**  As consideration for Plaintiffs signing this Agreement and compliance with the promises made herein, Defendant PDS (but not SBS or NAI which shall have no liability for the payments described below) agrees to pay Plaintiffs and their counsel a total of thirty-four thousand nine-hundred eighty dollars and zero cents ($34,980.00) (the "Settlement Sum"), as follows:

a.       Defendant PDS shall issue payment in the amount of $7,728.50, allocated to Scott.  This payment shall be characterized as liquidated damages pursuant to the anti-retaliation provisions of the FLSA; and

b.       Defendant PDS shall issue payment in the amount of $15,701.50, allocated to Richards.  This payment shall be characterized as liquidated damages pursuant to the anti-retaliation provisions of the FLSA; and

c.       Defendant PDS shall issue payment in the amount of $11,550.00 allocated to The Kaspers Firm, LLC, for attorney's fees and costs; and

d.       The amounts set forth in the immediately preceding paragraphs shall be paid according to the following schedule, with the initial payment due no later than ten (10) days after the approval of this Agreement by the Court, the second payment due no later than thirty (30) days after the approval of this Agreement by the Court, and subsequent payments to be paid to The Kaspers Firm, LLC  by mail to the address below, no later than the thirtieth day thereafter until paid in full as follows:

| Amount | Payment No. |
| --- | --- |
| $3,480.00 | 1 |
| $1,000.00+ (each such payment to be $1,000.00 at a minimum) | 2 |
| $1,000.00+ | 3 |
| $1,000.00+ | 4 |
| $1,000.00+ | 5 |
| $1,000.00+ | 6 |
| $1,000.00+ | 7 |
| $1,000.00+ | 8 |
| $1,000.00+ | 9 |
| $1,000.00+ | 10 |
| $1,000.00+ | 11 |
| $1,000.00+ | 12 |
| $1,000.00+ (no less than $17,000.00 | 13 |

2

| in aggregate since payment No. 2) | |
|---|---|
| $1,000.00+ | 14 |
| $1,000.00+ | 15 |
| $1,000.00+ | 16 |
| $1,000.00+ | 17 |
| $1,000.00+ | 18 |
| $1,000.00+ | 19 |
| $1,000.00+ (all remaining amount due) | 20 |

MAIL CHECKS TO:

> The Kaspers Firm, LLC
> 152 New Street, Suite 109B
> Macon, Georgia 31201
> Tel. 404-944-3128
> tyler@kaspersfirm.com

The Kaspers Law Firm shall be responsible for making further distribution of the funds received herein to the proper Plaintiff party or to itself as earned as attorneys' fees.  To the extent required for tax accounting, the Kaspers Law Firm shall allocate and inform Defendant PDS how much money was allocated in any tax year to which recipient party.

e.     Defendant shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (a) a facsimile or electronic copy of this Agreement appropriately signed and dated by Plaintiffs; (2) and an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against all Defendants in the matter of *Edward Scott and Debbie Richards v. North American Inns, et al.,* Civil Action No. 5:18-cv-00006 (LGW-BWC), currently pending in the United States District Court for the Southern District of Georgia.  This Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this Agreement (the "Effective Date" defined as the first day after Defendant has received from Plaintiffs all of the items described in this paragraph).  Plaintiffs shall also provide a signed original of the Agreement for execution by Defendant's representative.  Plaintiffs will be provided with a copy of the fully executed Agreement.

4.     **Consideration:**  Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of this Agreement and the fulfillment of the promises contained herein.

3

5.  **General Release of Claims**: In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiffs agree to and shall dismiss without prejudice the Lawsuit filed against all Defendants within 5 days after the Court approves this Agreement.. In addition, Plaintiffs, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges Defendant of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiffs may now have or has ever had related directly or indirectly to the allegations in the Lawsuit, including, claims for wages, back pay, front pay, reinstatement, damages, or benefits relating to unpaid straight time, overtime compensation, and retaliation.

   a.  NOTHING IN THIS AGREEMENT IS INTENDED TO OR SHALL PREVENT, IMPEDE OR INTERFERE WITH PLAINTIFFS' NON-WAIVABLE RIGHT, WITHOUT PRIOR NOTICE TO DEFENDANTS, TO PROVIDE INFORMATION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, THE NATIONAL LABOR RELATIONS BOARD, THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, THE SECURITIES AND EXCHANGE COMMISSION OR ANY OTHER FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY OR COMMISSION ("GOVERNMENT AGENCIES"), PARTICIPATE IN INVESTIGATIONS, , TESTIFY IN PROCEEDINGS REGARDING DEFENDANT'S PAST OR FUTURE CONDUCT, OR ENGAGE IN ANY FUTURE ACTIVITIES PROTECTED UNDER THE WHISTLEBLOWER STATUTES ADMINISTERED BY OSHA, OR TO RECEIVE AND FULLY RETAIN A MONETARY AWARD FROM A GOVERNMENT-ADMINISTERED WHISTLEBLOWER AWARD PROGRAM FOR PROVIDING INFORMATION DIRECTLY TO ANY GOVERNMENT AGENCIES. NOT WITHSTANDING THE FOREGOING, PLAINTIFF SHALL NOT INITIATE OR FILE ANY SUCH ACTIONS OR COMPLAINTS AGAINST DEFENDANT.

   b.  This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

6.  **Tax Liability**: Plaintiffs understand that Defendant may issue IRS Form 1099s for the payments specified in paragraphs 3(a) and (b) of this Agreement that are not subject to withholding. In paying the amount specified in paragraphs 3(a) and (b), Defendant makes no representation regarding the tax consequences or liability arising from said payments. Plaintiffs understand and agree that any and all tax liability that may be due or become due because of the payments

4

referenced in paragraphs 3(a) and (b) of this Agreement are their sole responsibility, and that they will pay any such taxes that may be due or become due.  Defendant has no monetary liability or obligations regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a) and (b) of this Agreement to Plaintiffs' counsel).  Plaintiffs agree to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums.  Plaintiffs further agree to hold Defendant harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the sums set forth in paragraphs 3(a) and (b) of this Agreement.  In the event Defendant receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Defendant, Defendant shall promptly, after receipt of such written notice, notify Plaintiffs by letter sent to counsel for Plaintiffs.

7. **Confidentiality and Mutual Non-disparagement:**  The parties agree to maintain the confidentiality of the terms of this Agreement to the extent permissible under the Fair Labor Standards Act.  Plaintiff agrees not to disparage Defendant.  Defendant agrees not to disparage Plaintiffs.  As used herein, the term disparagement shall refer to any negative implication disclosed to any third party whatsoever, in any for or medium, including, without limitation, social media, emails, texts, facebook postings, twitter, Instagram, telephone or verbal conversations or any writings of any kind.   Defendant agrees to provide prospective employers of Plaintiffs with confirmation of their dates of service to Defendant.

Defendants shall not contact or discuss the terms or existence of this Agreement with co-plaintiff Shannon Aiken unless required by law.

This covenant of nondisparagement and confidentiality is a material inducement for Defendant to enter into this Settlement Agreement; Plaintiff's acknowledge and agree that breach will subject them to liability and to the cessation of all payments due hereunder.

8. **Affirmations:**  Plaintiffs represent and affirm that, other than his Lawsuit referenced herein, they have no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendant with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board.

9. **No Assignment:**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and the Parties have not sold, assigned, transferred, conveyed, or

5

otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

10. **Governing Law and Jurisdiction:** This Agreement shall be construed and enforced according to the laws of the State of Georgia, except as to the choice of law rules thereof or to the extent pre-empted by federal law. All disputes concerning the application or enforcement of this Agreement shall, if necessary, be tried in a court of competent jurisdiction in Macon-Bibb County or the U.S. District Court for the Southern District of Georgia (the "Court"). The parties hereby consent to the personal jurisdiction of the courts of Macon-Bibb County and the Southern District of Georgia, provided that they shall first request the Court, and Magistrate Judge Benjamin W. Cheesebro, to preside over the enforcement of this Settlement Agreement to the extent allowed by law.

11. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability or unlawful conduct of any kind. Defendant restates its denial of all liability of any kind, and the absence of any finding to the contrary,

12. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

14. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of an section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed to be a part of this Agreement.

To the extent that any general release or dismissal in this Agreement is deemed to be illegal, invalid, or unenforceable, Plaintiffs agree to and shall concurrent herewith, execute a valid full and final release of equal scope, covering any and all claims, in exchange for the obligations contained in this Agreement and for

6

independent consideration paid and represented therein, in the event such payments have not already been made, in order to effectuate a dismissal without prejudice of his Lawsuit filed against all Defendants.

15.   **Binding Nature of Agreement:**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

16.   **Entire Agreement:**  This Agreement sets forth the entire Agreement between the parties hereto (other than the related documents and agreements referred to herein such as the notices of dismissal and motion to approve this Agreement), and fully supersedes any prior obligation of Defendant to Plaintiffs, except that it shall not supersede any agreement related to confidential and proprietary information. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to him in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

17.   **Selective Enforcement:**  The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

18.   **Counterparts:**  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

19.   **Breach:**  In the event of a breach of this Agreement by Plaintiffs, Defendant shall have no obligation to make any outstanding payments.  In the event of a breach of this Agreement by Defendant, any amounts unpaid will be due immediately to Plaintiffs.  In the event of a breach, the prevailing party shall be entitled to all costs and attorney's fees relating to that breach.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT UNDER THE FAIR LABOR STANDARDS ACT.

[Signatures on following page]

7

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

PLAINTIFFS

Dated:_____          By:_____
                                        EDWARD SCOTT

Dated: _10·11–18_____              By:_*Debbie Richards*_____
                                        DEBBIE RICHARDS

DEFENDANTS

Dated:_____          By:_____
                                        PAUL D. SHARMA

Dated:_____          By:_____
                                        SHAUN B. SHARMA

Dated:_____          By: North American Inns, LLC

                                        By:_____
                                             Paul D. Sharma,
                                             Authorized Agent

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

PLAINTIFFS

Dated: _10 - 10 - 18_        By: _Edward Scott_
                                   EDWARD SCOTT

Dated:_____        By:_____
                                   DEBBIE RICHARDS

DEFENDANTS

Dated:_____        By:_____
                                   PAUL D. SHARMA

Dated:_____        By:_____
                                   SHAUN B. SHARMA

Dated:_____        By: North American Inns, LLC

                                   By:_____
                                       Paul D. Sharma,
                                       Authorized Agent

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

PLAINTIFFS

Dated:_____          By:_____
                                     EDWARD SCOTT


Dated:_____          By:_____
                                     DEBBIE RICHARDS

DEFENDANTS

Dated:_____          By:_____
                                     PAUL D. SHARMA


Dated:_____          By:_____
                                     SHAUN B. SHARMA


Dated:_____          By: North American Inns, LLC

                                 By:_____
                                     Paul D. Sharma,
                                     Authorized Agent

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE: PAUL DARSHAN SHARMA,   )
   Debtor,        )
             )  Case No. 18-50834-MJK
THE KASPERS FIRM, LLC, SCOTT  )
EDWARDS and DEBBIE RICHARDS, )  Chapter 7
   Plaintiffs,      )
             )  Adversary Proceeding
vs.            )    No.:
             )
PAUL DARSHAN SHARMA,    )
   Defendant.      )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the below date a genuine copy of

the within and foregoing COMPLAINT OBJECTING TO DISCHARGEABILITY

OF DEBTS AND DISCHARGE OF DEBTOR  and documents referenced therein

were electronically filed with the Clerk of court using the CM/ECF system, and

was served upon Defendant by sending a copy of same through the United States

Postal Service, first-class mail, postage prepaid, to:

Paul Darshan Sharma
1007 Peterson Ave N
Douglas, GA  31533

   This 15th day of April, 2019.

            Tyler B. Kaspers
            Georgia Bar No. 445708

THE KASPERS FIRM, LLC

14

152 New Street, Suite 109B
Macon, GA 31201