UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: PAUL DARSHAN SHARMA, )<br>    Debtor, )<br> )<br>THE KASPERS FIRM, LLC, EDWARD )<br>SCOTT and DEBBIE RICHARDS, )<br>    Plaintiffs, )<br> )<br>vs. )<br> )<br>PAUL DARSHAN SHARMA, )<br>    Defendant. ) | Adversary Proceeding No.<br>19-05002-MJK |

## AMENDED COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTS AND DISCHARGE OF DEBTOR

Plaintiffs The Kaspers Firm, LLC, Edward Scott, and Debbie Richards, by and through their undersigned counsel, hereby object to the discharge of debts owed to them by Paul Darshan Sharma ("Defendant" or "Debtor"), pursuant to 11 U.S.C. § 523, and also objects to the discharge, in general, of Debtor pursuant to 11 U.S.C. § 727, as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 523(a) and 727, and Bankruptcy Rule 7001. This adversary proceeding is one arising out of the Debtor filing a voluntary petition under chapter 7 of the Bankruptcy Code, which is Case Number 18-50834-MJK pending in this Court. This is a core proceeding.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

FACTUAL BACKGROUND

3. On January 31, 2018, Plaintiffs filed a collective action complaint against Defendant alleging that they and their former co-workers had been subjected by Defendant to willful violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Southern District of Georgia, Waycross Division, Case No. 5:18-cv-6. Defendants in the FLSA case would find homeless or indigent individuals and have them work at their hotel in exchange for $25-$35 every two weeks, or less than 45 cents per hour. The FLSA Defendants also required their tenants/employees to work overtime without any compensation. If a tenant/employee refused to work overtime without compensation, they were immediately evicted.

4. During the discovery phase of the Plaintiffs' FLSA case, Defendant provided two "Financial Statements" signed by Defendant, one on April 1, 2018 ("Exhibit 1," hereto) and another on August 29, 2018 ("Exhibit 2," hereto).

5. On October 10, 2018, a mediation was held with Magistrate Judge Benjamin Cheesbro. A Settlement Agreement was reached during which Defendant agreed to pay Plaintiffs no less than $3,480 no later than December 21, 2018. *See* "Exhibit 3," hereto at 2.

6. On December 21, 2018, Defendant breached the Settlement Agreement by failing to pay the first installment to Plaintiffs.

7. On December 22, 2018, Defendant, through counsel, informed Plaintiffs that Defendant was unable to pay any amount to Plaintiffs, and intended to declare for bankruptcy protection under Chapter 7.

8. On December 28, 2018, Defendant filed his petition for bankruptcy protection with this Court.

9. A Meeting of Creditors was held on February 15, 2019 at 9:00 a.m. at the U.S. Courtroom, 3rd Floor, Federal Building, 601 Tebeau Street, Waycross, GA.

10. During that meeting, the Trustee elicited testimony from Defendant wherein Defendant swore, under oath, that:

    a. The $40,088.00 in debt owed to American Express, the $12,834.00 in debt owed to Discover Financial Services, as well as other credit card debt, was incurred by paying a mortgage and expenses for a hotel, "Comfortel Suites," located at 1007 N Peterson Ave, Douglas, GA.

    b. Although Defendant was paying the mortgage and other bills for Comfortel Suites, Comfortel Suites did not reimbursing Defendant for any of those mortgage or utility payments.

    c. Instead, all of the profits/money made by Comfortel Suites was paid directly to a bank account at SunTrust owned by Sharma Hospitality, LLC.

    d. Sharma Hospitality, LLC is owned by Defendant's father, Shaun B. Sharma.

    e. Defendant has never been a member of Sharma Hospitality, LLC.

11. Also during the February 15, 2019 meeting of creditors, Defendant admitted that:

    a. Defendant and his wife own a 2011 Acura vehicle which has been paid in full. Defendant did not list this asset on his Form 106A/B.

    b. Defendant owns a boat. Defendant did not list this asset on his Form 106A/B. In fact, Defendant swore, under oath, on Form 106A/B that he did not own a watercraft

12. The Annual Registration filed by Sharma Hospitality, LLC with the Georgia Secretary of State on January 11, 2017, identifies "Paul D Sharma" as a "Member."

13. On March 13, 2019, in response to Defendant's December 21, 2018 breach of the Settlement Agreement, Plaintiffs have filed another FLSA Complaint in the United States District Court for the Southern District of Georgia, Case No. 5:19-cv-22.

Legal Standard

11 U.S.C. § 727 (a), governs the grant of a discharge in a chapter 7 case. This statute provides, in relevant part: (a) The Court shall grant the debtor a discharge, unless (2) the debtor destroyed or transferred property within one year before the date of the filing of the petition; (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; (4) the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account; (B) presented or used a false claim; (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs; or (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

In *In re Chalik*, the Eleventh Circuit stated that "[t]he subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the [bankruptcy] . . . estate[.]" In re Chalik, 748 F.2d at 618. All items in question in this case bear a relationship to the estate because each omitted item was properly property of the estate. Defendant's estimate that the items were of no value has no bearing on his creditors' rights "to judge for themselves what will benefit, and what will prejudice, them." Id.  The omission of an exemptible item of property is material to the case because debtors are not automatically entitled to any particular exemption. Defendant had the right to claim exemptions pursuant to Section 522, but he had to follow the procedure specified in Federal Rule of Bankruptcy Procedure 4003(a). This rule, requiring debtors to list their claimed exemptions on their schedules of assets, compliments the rights of creditors to review claimed exemptions and, if appropriate, object to them pursuant to Rule 4003(b). In asking the Court to condone his omissions, Defendant effectively asks the Court to negate his creditors' rights to object to his claimed exemptions.

Argument

Defendant made a number of material misstatements and knowing omissions, under oath, to this Court and his creditors.  More alarming is the scheme used by Defendant to take advantage of the bankruptcy protections

afforded by Chapter 7 applicants wherein Defendant incurred tens of thousands of dollars in debt by paying the financial obligations of his father's company (Sharma Hospitality, LLC) but, instead of reimbursing Defendant for those debts, Sharma Hospitality, LLC took all of the proceeds from that company and left Defendant to declare bankruptcy in an attempt to discharge those debts.

Defendant should have never filed for bankruptcy. A reimbursement by Sharma Hospitality of the amounts spent by Defendant on its behalf would have (1) paid off all of the credit card debt incurred by Defendant on behalf of Sharma Hospitality, LLC and (2) allowed Defendant to meet his financial obligations to Plaintiffs[1].

Furthermore, Defendant made a number of omissions and misstatements in the "Property Schedule" Defendants submitted to this Court after confirming, under oath, that the contents of that schedule were accurate and complete. For example, Defendant's August 29, 2018, Financial Statement identifies a "Boat" which was not identified in Defendants' "Property Schedule." Defendant's "Property Schedule" identifies a "Sea Doo Jet Ski" and "Chevrolet El Camino" with a combined value of $1,500. Defendant's August 29, 2018 Financial Statement lists the value of the "El Camino- Model 78, Jet Ski, [and] Boat" at

---

[1] Defendant and the Plaintiffs agreed to a structured settlement payment plan, which would be accelerated in the event Defendant failed to make a payment. Defendant failed to make the first payment, making the entire $35,000.00 due immediately.

$4,500. *See* Exhibit 2," hereto. Accordingly, pursuant to Defendant's valuation, the boat which Defendant failed to disclose to this Court has a value of $3,000.

On April 1, 2018, Defendant stated that he had $15,000 in personal property. That number was decreased to $4,500 by August 29, 2018, but Defendant has nowhere explained to this Court or his creditors what happened to the $10,500 in personal property which Defendant disposed of between April 1 and August 29, 2018. *Compare* "Exhibit 1," *with* "Exhibit 2," and Defendant's "Property Schedule."

Defendant's April 1 Financial Statement states that he had, as of that date, incurred $21,100 in credit card debt. Defendants' August 29, 2018 Financial Statement states that he had, as of that date, incurred $29,100 in credit card debt. Accordingly, in the nearly five months between financial statement, Defendant had incurred $8,000 in credit card debt. However, Defendant's December 28, 2019 bankruptcy petition identifies no less than $56,545 in credit card debt. Accordingly, in the four intervening months between August 29, 2018 and Defendant's bankruptcy petition, Defendant allegedly incurred $27,445, where he had only incurred $8,000 in credit card debt during the preceding five months. This substantial, and rapid, increase in debt raises questions regarding the accuracy of, and motive behind, Defendant's bankruptcy petition.

Defendant's misstatements to this Court should not be tolerated. It is undeniable that Defendant committed perjury in attempting to have this Court discharge debts that were seemingly incurred on behalf of a company to which he claims to have no ownership interest, and which is owned by Defendant's father. The bankruptcy code is intended to provide assistance to individuals in legitimate need of help, not to financially enrich family members of petitioners.

COUNT I

<u>Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(2) for improperly transferring property to his father</u>

Defendant incurred tens of thousands of dollars in credit card debt in 2018 by paying bills owed by Sharma Hospitality, LLC, his father's company.

All of the proceeds from the hotel owned by Sharma Hospitality, LLC were kept by Sharma Hospitality, LLC or Defendant's father instead of being used to reimburse Defendant for the debts he incurred on their behalf.

Defendant incurred tens of thousands of dollars in debt while allowing his father to directly benefit from that debt.

The tens of thousands of dollars of debt incurred by Defendant on behalf of his father's company in 2018 is more than sufficient to pay the $35,000.00 owed to Plaintiffs.

COUNT II

<u>Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(3) for failing to maintain financial documents relating to his employment with Sharma Hospitality, LLC</u>

No financial information relating to the tens of thousands of dollars in mortgage and utility payments made by Defendant on behalf of Sharma Hospitality, LLC in 2018 was provided by Defendant.

No financial information relating to any amount paid by the Comfortel Suites hotel to Sharma Hospitality, LLC was produced. No financial information relating to any amount paid by Sharma Hospitality, LLC to Defendant's father, Shaun Sharma, was produced. Without this information, it is impossible for Plaintiffs or this Court to "follow the money" from the hotel's customers to Defendant's father, as opposed to using proceeds from the hotel's customers to reimburse Defendant for the tens of thousands of dollars of debt incurred by Defendant on behalf of Sharma Hospitality, LLC and Shaun Sharma.

COUNT III

<u>Non-dischargeability of Debts Pursuant to 11 U.S.C. § 523 (a)(4) for knowingly concealing property from his creditors</u>

Defendant signed his voluntary petition, schedule and statement of financial affairs under penalty of perjury on December 28, 2018.

On February 16, 2019, the trustee commenced the meeting of creditors pursuant to 11 U.S.C. § 341. At the meeting the Defendant appeared and

reaffirmed, under oath, the accuracy and completeness of his voluntary petition, schedules and statement of financial affairs.

Official Bankruptcy Form "Schedule B - Personal Property" required Defendant to disclose all of his personal property assets. Plaintiffs allege that the Defendant did not disclose all of his personal property assets and knowingly and fraudulently, in connection with this case, made false oaths or accounts regarding the disposition, ownership, and transfer of assets in order to prevent such assets from being reachable by creditors.

Defendant owns a boat which was not disclosed on the "Schedule B-Personal Property" that Defendant submitted to this Court. Defendant's failure to disclose an interest his boat was a knowing and fraudulent making of a false oath or account in connection with his bankruptcy case.

A vehicle owned jointly by Defendant and his wife, a 2011 Acura, was not listed on Defendant's "Schedule B." The Debtor had an interest in the 2011 Acura that should have been disclosed on Schedule B. Defendant's failure to disclose an interest in the 2011 Acura was a knowing and fraudulent making of a false oath or account in connection with his bankruptcy case.

COUNT IV

Non-discharge Under 11 U.S.C. § 727(a)(3) for failing to maintain financial documents relating to his employment with Sharma Hospitality, LLC

No financial information relating to the tens of thousands of dollars in mortgage and utility payments made by Defendant on behalf of Sharma Hospitality, LLC in 2018was provided by Defendant.

No financial information relating to any amount paid by the Comfortel Suites hotel to Sharma Hospitality, LLC was produced. No financial information relating to any amount paid by Sharma Hospitality, LLC to Defendant's father, Shaun Sharma, was produced. Without this information, it is impossible for Plaintiffs or this Court to "follow the money" from the hotel's customers to Defendant's father, as opposed to using proceeds from the hotel's customers to reimburse Defendant for the tens of thousands of dollars of debt incurred by Defendant on behalf of Sharma Hospitality, LLC and Shaun Sharma.

Detailed financial information relating to the financial interplay between Defendant, Sharma Hospitality, LLC and Shaun Sharma was repeatedly requested by Plaintiffs in their underlying FLSA lawsuit, but that information was never provided. Accordingly, it is apparent that Defendant has failed to properly maintain financial records necessary to determine the adequacy and validity of his bankruptcy petition in violation of 11 U.S.C. § 727(a)(3).

WHEREFORE, Plaintiffs pray for relief as follows:

1. With respect to Count I, enter judgment and an order denying Defendant a discharge with respect to the Settlement Agreement entered into between

Plaintiffs and Defendant, and impose attorneys' fees and costs to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2);

2. With respect to Count II, enter judgment and an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(3);

3. With respect to Count II, enter judgment and an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(5);

4. For an award of costs and attorneys' fees incurred in prosecuting this action; and

5. For such other and further relief as this court deems just and proper.

Dated this 7th day of May, 2019

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiffs

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: PAUL DARSHAN SHARMA, )<br>  Debtor, )<br> )<br>THE KASPERS FIRM, LLC, EDWARD )<br>SCOTT and DEBBIE RICHARDS, )<br>  Plaintiffs, )<br> )<br>vs. )<br> )<br>PAUL DARSHAN SHARMA, )<br>  Defendant. ) | Adversary Proceeding No.<br>19-05002-MJK |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the below date a genuine copy of the within and foregoing AMENDED COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTS AND DISCHARGE OF DEBTOR with the Clerk of the Court by using the Court's CM/ECF system, and by hand-delivering a copy of same to:

Paul Darshan Sharma
1007 Peterson Ave N
Douglas, GA  31533

This 7th day of May, 2019.

Tyler B. Kaspers
Georgia Bar No. 445708

THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201